**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000105**
**13-JAN-2012**
**08:10 AM**

NO. CAAP-10-0000105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SUNG SIK CHOI, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 10-1-1375)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Sung Sik Choi (Choi) appeals from the Judgment of Conviction and Sentence filed on July 21, 2010 in the Family Court of the First Circuit (family court).[1]

The family court found Choi guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2010).

On appeal, Choi contends (1) there was insufficient evidence to convict him of Harassment and (2) the family court erred by denying his motion for mistrial because the complaining witness (CW) violated a motion in limine regarding prior bad acts.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

_____

[1]  The Honorable Darryl Y.C. Choy presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Choi's points of error as follows:

(1) CW testified that Choi grabbed her arm when she would not let him hold his child. He then pushed CW onto a bed and forcibly took the child. The family court found the testimony of CW to be credible. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Stocker, 90 Hawai'i 85, 90, 976 P.2d 399, 404 (1999) (internal quotation marks, citation, and brackets omitted) (quoting State v. Lee, 90 Hawai'i 130, 134, 976 P.2d 444, 448 (App. 1999)).

"[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Stocker, 90 Hawai'i at 92, 976 P.2d at 406 (internal quotation marks and citation omitted) (quoting State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)). Given the circumstantial evidence, it is reasonable to infer that Choi intended to harass, annoy, or alarm CW by striking, shoving, kicking, or otherwise touching CW in an offensive manner or by subjecting CW to offensive physical contact.

(2) The family court did not err by denying Choi's motion for mistrial. CW violated the family court's order granting Choi's motion in limine, which prohibited the introduction of Choi's prior bad acts. Choi based his motion for mistrial on this violation. However, any introduction of prior bad acts was harmless. Choi's case was tried without a jury. When finding Choi guilty of Harassment, the family court did not mention Choi's prior bad act. "[W]here a case is tried without a jury, it is presumed that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent." State v. Antone, 62 Haw. 346, 355, 615 P.2d 101, 108 (1980). Choi does not point to anything in the record to

2

rebut the presumption that the family court disregarded incompetent evidence.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on July 21, 2010 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, January 13, 2012.

On the briefs:

Leland B.T. Look
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge